

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00116-CR

James **STRIBLIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR4270
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting: Rebeca C. Martinez, Chief Justice
    Patricia O. Alvarez, Justice
    Lori I. Valenzuela, Justice

Delivered and Filed: April 13, 2022

APPEAL DISMISSED FOR LACK OF JURISDICTION

Appellant filed a pro se notice of appeal from an order denying his motion to recuse the trial court judge who presided over the proceedings that resulted in appellant's 2017 convictions.

An order denying a motion to recuse is not a final, appealable order; it may be reviewed only in an appeal from a final judgment. *Green v. State*, 374 S.W.3d 434, 445 (Tex. Crim. App. 2012). An appeal of the decision to deny a motion to recuse, standing alone, would be improper. *Id.* Here, appellant is not challenging the order in an appeal from the final judgments in his underlying criminal cases.

Also, it appears the order from which appellant attempts to appeal arises from a post-conviction request for relief. Texas Code of Criminal Procedure article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 11.07, §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995) (per curiam). There is no role for the intermediate courts of appeals in the procedure under Article 11.07. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

For the above reasons, it appeared we did not have jurisdiction to entertain this appeal. Therefore, on March 8, 2022, we ordered appellant to show cause in writing, no later than March 22, 2022, why this appeal should not be dismissed for lack of jurisdiction. All appellate deadlines were suspended until further order of this court. Appellant did not respond to our March 8 order.

We dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish